## SUPREME COURT.

### John T. Lamport agt. Thomas Abbott.

An action brought by the chamberlain of a city [Troy] against a defendant for a *penalty*, in violating a city ordinance, in the erection of a frame building, and asking for a temporary injunction, to restrain the defendant from proceeding with the building pending the litigation, are two kinds of relief *inconsistent* with each other.

That is, the plaintiff, in the same action, cannot have a recovery for the violation of an ordinance, and at the same time have such violation restrained. The facts which would establish the plaintiff's right to recover the penalty might be very far from establishing his right to the equitable relief of injunction.

Besides, the building of the defendant may or may not be a nuisance. If it be, it is for those *injured* by it, and not the *chamberlain*, to take measures to suppress it—his interest is limited to the recovery of the penalty

*Rensselaer Special Term, June,* 1855.

Motion to dissolve injunction.

The action was brought by the plaintiff as chamberlain of the city of Troy. The complaint states that, on the 8th day of February, 1838, the common council of Troy, in pursuance of authority vested in them by the legislature, passed a law or ordinance, requiring that all buildings which should thereafter be erected within certain limits in the said city, should be constructed of brick or stone, and covered with slate, tile, or other safe materials against fire, and imposing a fine of $300 for the violation of the ordinance; that, in May, 1855, the defendant erected and built, within the limits specified in the ordinance, and was, at the time of the commencement of the action, finishing, a frame building of wood, and not of any material required by the ordinance, by means whereof the defendant has become liable to the penalty of $300, imposed by the ordinance.

The complaint further states, that by means of the defendant's unlawful erection, the dwellings, buildings and other property of the citizens of Troy, in the neighborhood, are greatly

Lamport agt. Abbott.

endangered and injured in value; and that the defendant; if allowed to finish his building, intends to use it as a blacksmith's shop, thereby greatly endangering the property of citizens, &c. The relief asked for was, that the defendant might be restrained from and against finishing his building, and against using it for any purpose whatever, while it should remain where it then stood. The plaintiff also demanded judgment against the defendant for the penalty of $300. An injunction was allowed, as asked for in the complaint.

Affidavits were read in support of the motion, tending to disprove the allegations in the complaint; but it is unnecessary to notice them more particularly, as the decision of the motion is put entirely upon the matters of the complaint.

WM. A. BEACH, *for plaintiff.*
MARTIN I. TOWNSEND, *for defendant.*

HARRIS, Justice. A temporary injunction may be granted, when it appears by the complaint that the plaintiff is entitled to the relief demanded; and such relief, either wholly or in part, consists in restraining the commission or continuance of some act which, if committed or continued, during the litigation, would produce injury to the plaintiff. This is the criterion by which to test the plaintiff's right to an injunction upon the case, as made by himself.

In the first place, it must appear that the plaintiff is entitled to have the defendant restrained in the manner sought by the complaint. Assuming all that is stated to be true, is the plaintiff entitled to such relief? The facts stated would undoubtedly, if uncontroverted, subject the defendant to the penalty which the plaintiff seeks to recover. But the facts which would establish the plaintiff's right to recover the penalty might be very far from establishing his right to the equitable relief of injunction. Indeed, are not the two remedies entirely inconsistent with each other? Can the plaintiff have a recovery for the violation of the ordinance, and at the same time have such violation restrained? Under the present system of practice a plain-

tiff may have both legal and equitable relief in the same action, but the two kinds of relief must be consistent with each other. (*See Linden* agt. *Hepburn,* 5 *How.* 188.)

Here, the plaintiff claims that he is entitled to recover a penalty, which the defendant has incurred by doing an illegal act, and at the same time that he is entitled to have the defendant restrained by injunction from doing the act. I do not think the remedies are consistent with each other.

But again : the plaintiff, to be entitled to a temporary injunction, must make it appear by his complaint, that the commission or continuance of the act sought to be restrained, during the litigation, would affect him injuriously. That is not pretended. In his official capacity, the plaintiff may be entitled to recover the penalty. To that extent the act complained of is a positive benefit to the plaintiff, or the corporation represented by him. Beyond that the plaintiff has no concern with the matter. The building erected may or may not be a nuisance. If it be, it is for those injured by it, and not the chamberlain of the city of Troy, to take measures to suppress it. The plaintiff's interest in the matter is limited to the recovery of any penalty which the defendant may have incurred.

The injunction must, therefore, be dissolved, with costs.